IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TRUSTEES OF THE HAWAII MASONS' AND PLASTERERS' TRUST FUNDS,<br><br>    Plaintiffs,<br><br>  vs.<br><br>808 MAINTENANCE & FLOORING, INC., ET AL.,<br><br>    Defendants. | CIVIL NO. 24-00280 MWJS-WRP<br><br>FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENT |

FINDINGS AND RECOMMENDATION TO GRANT
PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENT

Before the Court is Plaintiffs' Motion for Default Judgment against Defendant 808 Maintenance & Flooring Inc., filed on August 28, 2024 (Motion), ECF No. 17.  The Court finds the Motion suitable for disposition without a hearing pursuant to Rule 7.1(c) of the Local Rules of Practice of the United States District Court for the District of Hawaii.  Based on the record in this action and the relevant legal authority, the Court FINDS AND RECOMMENDS that Plaintiffs' Motion be GRANTED.[1]

---

[1] Within fourteen days after a party is served with the Findings and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), a party may file written objections in the United States District Court.  A party must file any objections

BACKGROUND

According to the Complaint, Defendant agreed comply with the terms of the collective bargaining agreement entitled the Master Agreement Covering Ceramic Tile, Marble and Terrazzo Trades in the State of Hawaii (Agreement), which required Defendant to pay to Plaintiffs certain amounts for employee benefits for work performed by Defendant's covered employees, to submit certain reports to Plaintiffs, to permit Plaintiffs to audit its payroll records, and to furnish Plaintiffs with a surety bond or cash-in-escrow in the amount equal to Defendant's last three months of contributions or $5,000, whichever is greater, if required by Plaintiffs.  See Compl., ECF No. 1, ¶¶ 11-17; Ex. 2 to Mot., ECF No. 17-5. Plaintiffs claim that Defendant failed to make the required contributions and submit the required reports.  See id. ¶¶ 21-22.  In their Complaint, Plaintiffs sought an order directing Defendant to provide timely reports and contributions, to permit Plaintiffs to audit its payroll books and records, and to furnish Plaintiffs with surety bonds or cash-in-escrow in the amount equal to Defendant's last three months of contributions or $5,000, whichever is greater, as required under the Agreement.  See id. at 13-14.  Additionally, Plaintiffs sought an award for unpaid contributions, liquidated damages, interest, and attorneys' fees and costs.  See id.

---

within the fourteen-day period to preserve appellate review of the Findings and Recommendation.

The Clerk entered default against Defendant pursuant to Federal Rule of Civil Procedure 55(a) on August 1, 2024. See Entry of Default, ECF No. 12. This Motion followed.

## DISCUSSION

Default judgment may be entered if the defendant has defaulted by failing to appear and the plaintiff's claim is for a "sum certain or for a sum which can by computation be made certain[.]" Fed. R. Civ. P. 55(b)(1), (2). The granting or denial of a motion for default judgment is within the discretion of the court. See Haw. Carpenters' Trust Funds v. Stone, 794 F.2d 508, 511-12 (9th Cir. 1986). Default judgments are ordinarily disfavored, and cases should be decided on their merits if reasonably possible. See Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986).

### A. Jurisdiction

Before considering the merits of default judgment, the Court has an affirmative obligation to determine whether it has subject matter jurisdiction over this action and personal jurisdiction over Defendant. See In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999) ("To avoid entering a default judgment that can later be successfully attacked as void, a court should determine whether it has the power, i.e., the jurisdiction, to enter the judgment in the first place."). Here, the Court has subject matter jurisdiction over Plaintiffs' federal claims. See 29 U.S.C. §§ 185(a), 1132, 1145. The Court has personal jurisdiction over Defendant because Plaintiffs

allege that Defendant is a Hawaii corporation doing business in Hawaii and that the claims arise out of that business, see Compl., ECF No. 1, ¶ 9, and indicate that Defendant was served through its registered agent, Jack T. Shizuru Jr., see Proof of Service, ECF No. 9, at 4.  Because the Court has subject matter jurisdiction over this action and personal jurisdiction over Defendant, the Court will address the merits of the Motion.

### B.    Default Judgment Factors

Following a determination that jurisdiction is proper, the Court must consider whether default judgment is appropriate.  The court should consider the following factors in deciding whether to grant a motion for default judgment:

(1)  the possibility of prejudice to the plaintiff;
(2)  the merits of plaintiff's substantive claim;
(3)  the sufficiency of the complaint;
(4)  the sum of money at stake in the action;
(5)  the possibility of a dispute concerning material facts;
(6)  whether the default was due to excusable neglect; and
(7)  the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

See Eitel, 782 F.2d at 1471-72 (the Eitel factors).

On default, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true."  TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977)).  The allegations as to liability are deemed true, but the plaintiff must establish the relief to which it is entitled.  See Fair Hous.

of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002).  Also, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default."  Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992).

### 1.     The Possibility of Prejudice to Plaintiffs

The first factor considers whether Plaintiffs would suffer prejudice if default judgment is not entered.  See PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).  Here, absent entry of default judgment, Plaintiffs would be without any other recourse for recovery.  Accordingly, the first Eitel factor favors default judgment.

### 2.     Merits of Plaintiffs' Substantive Claims

For purposes of liability, the factual allegations in the Complaint are taken as true on default.  See TeleVideo Sys., Inc., 826 F.2d at 917-18; Fair Hous. of Marin, 285 F.3d at 906.  Here, the allegations in Plaintiffs' Complaint, taken as true, establish that Plaintiffs are entitled to default judgment against Defendant.

In the Complaint, Plaintiffs assert claims against Defendant for unpaid contributions, liquidated damages, interest, and attorneys' fees and costs owed to Plaintiffs under the terms of the Agreement and relevant statutes.  See 29 U.S.C. §§ 1132(a), (g), 1145; see also Compl., ECF No. 1, ¶¶ 11-33.  Plaintiffs allege that the terms of the Agreement require Defendant to pay to Plaintiffs certain contributions based on work performed by Defendant's covered employees.  See

Compl., ECF No. 1, ¶¶ 12-15.  Plaintiffs allege that the terms of the Agreement also provide that if Defendant fails to pay the required contributions, Defendant is also required to pay liquidated damages, interest, and attorneys' fees and costs.  See id. ¶¶ 18-19.  Plaintiffs allege that Defendant failed to submit the required reports and failed pay the required contributions.  See id. ¶¶ 21-22.

After considering the allegations in the Complaint, this second factor weighs in favor of default judgment because the allegations, taken as true, are sufficient to establish Plaintiffs' claims.

### 3. Sufficiency of the Complaint

The allegations in the Complaint are sufficiently pled and supported by the documents filed with the Complaint and the Motion.  The Court finds that the sufficiency of the Complaint weighs in favor of default judgment.

### 4. Sum of Money at Stake

The Court "must consider the amount of money at stake in relation to the seriousness of Defendant's conduct."  PepsiCo, Inc., 238 F. Supp. 2d at 1177 (citing Eitel, 782 F.2d at 1472).  In their Complaint, Plaintiffs sought to recover for unpaid contributions totaling $18,655.11, in addition to $3,849.23 in liquidated damages, $704.19 in interest through March 2024, and unspecified attorneys' fees and costs.  See Compl., ECF No. 1, ¶¶ 26.  In their Motion, Plaintiffs request these same damages plus additional interest through August 2024 and $19,019.65 in attorneys' fees and costs.  See Mot., ECF No. 17-1, at 6, 12-13.  Plaintiffs'

damages request is tailored to Defendant's specific wrongful conduct in failing to pay the required contributions. The Court finds that this factor too weighs in favor of default judgment.

### 5.     Possibility of Dispute Concerning Material Facts

The well-pled factual allegations of the Complaint, except those relating to the amount of damages, will be taken as true. TeleVideo Sys., Inc., 826 F.2d at 917-18. Defendant has been given a fair opportunity to defend this action and has not done so. Because no dispute has been raised regarding Plaintiffs' material factual allegations, this factor favors default judgment.

### 6.     Whether Default was Due to Excusable Neglect

Plaintiffs served Defendant through its registered agent on July 10, 2024. See Proof of Service, ECF No. 9. Defendant did not file a response to Plaintiffs' Complaint. In addition, Plaintiffs served Defendant with notice of this Motion and the Court's briefing schedule. See Certs. of Service, ECF No. 18-10, ECF No. 20. Despite ample notice of this lawsuit and Plaintiffs' intent to seek default judgment, Defendant has not appeared in this matter to date. The record suggests that Defendant's default was not the result of excusable neglect, but rather due to its conscious and willful decision not to defend this action. This factor too favors default judgment.

### 7.     Policy Favoring Decisions on the Merits

Defendant's default renders a decision on the merits impractical, if not

7

impossible. Under Rule 55, "termination of a case before hearing the merits is allowed whenever a defendant fails to defend an action." PepsiCo., Inc., 238 F. Supp. 2d at 1177; see also Philip Morris USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 501 (C.D. Cal. 2003) ("the mere existence of Fed. R. Civ. P. 55(b) indicates that the seventh Eitel factor is not alone dispositive"). Here, Defendant has failed to defend this action and has consequently rendered adjudication on the merits before this Court impracticable. This factor does not preclude the Court from entering default judgment against Defendant.

### 8. Totality of Eitel Factors

Accordingly, the Court finds that the totality of the Eitel factors weighs in favor of entering default judgment against Defendant.

### C. Remedies

Although Defendant's default establishes liability, it does not establish all relief to which Plaintiffs are entitled. See Fair Hous. of Marin, 285 F.3d at 906. Plaintiffs must provide evidence to support their requested relief and that relief "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

Plaintiffs seek an award for delinquent contributions, liquidated damages, interest, attorneys' fees and costs, and specific performance. See Mot., ECF No. 17-1, at 12-14. Each category of requested relief is addressed below.

### 1. Delinquent Contributions

Plaintiffs contend that Defendant owes delinquent contributions in the amount of $18,655.11, which is itemized in the "delinquency report" summary ledger, attached to the declaration of Judy Aganon, Hawaii Employer Contribution Clerk for the Hawaii Masons' and Plasterers' Trust Funds. See Decl. of Judy Aganon, ECF No. 17-3 ¶¶ 6, 10; Ex. 4 to Mot., ECF No. 17-7, at 1. The summary submitted by Plaintiffs reflects $18,655.11 in outstanding contributions. See Ex. 4 to Mot., ECF No. 17-7, at 1. The Court finds Plaintiffs have established damages in the amount of $18,655.11 for delinquent contributions.

### 2. Liquidated Damages

Plaintiffs seek liquidated damages of $3,849.23, which is itemized in the "delinquency report" summary ledger, attached to the declaration of Judy Aganon, Hawaii Employer Contribution Clerk for the Hawaii Masons' and Plasterers' Trust Funds. See Decl. of Judy Aganon, ECF No. 17-3 ¶¶ 6, 12; Ex. 4 to Mot., ECF No. 17-7, at 1. The Agreement provides that "[a] Contractor responsible for such delinquent contributions shall pay . . . liquidated damages on the amount of ten percent (10%) of such delinquent and unpaid contributions due to each respective Fund or twenty ($20) dollars, whichever is greater, for each and every delinquent monthly contribution." Decl. of Judy Aganon, ECF No. 17-3 ¶ 4; Ex. 2 to Mot., ECF No. 17-5, at 36-37. In addition, 29 U.S.C. § 1132(g)(2) provides that Plaintiffs are entitled to recover "liquidated damages provided for

under the plan in an amount not in excess of 20 percent" of unpaid contributions.

The amount of liquidated damages requested is not 10% of the amount of unpaid contribution requested. However, the summary ledger provided by Plaintiffs shows that liquidated damages were calculated when the delinquency occurred and includes liquidated damages that were incurred before Defendant made a late payment for delinquent contributions. See Ex. 4 to Mot., ECF No. 17-7, at 1 (reflecting that Defendant made a payment of $19,317.00 for delinquent contributions for January 2024). Accordingly, Defendant's payment after the due date reduced the outstanding delinquent contribution amount but did not change the balanced owed for liquidated damages. See id. Based on the evidence presented by Plaintiffs, the Court finds Plaintiffs are entitled to liquidated damages in the amount of $3,849.23.

### 3. Interest

Plaintiffs seek interest of $1,021.75, which is itemized in the "delinquency report" summary ledger, attached to the declaration of Judy Aganon, Hawaii Employer Contribution Clerk for the Hawaii Masons' and Plasterers' Trust Funds. See Decl. of Judy Aganon, ECF No. 17-3 ¶ 11-12; Ex. 4 to Mot., ECF No. 17-7, at 1. The Agreement provides that "[a] Contractor responsible for such delinquent contributions shall pay . . . interest on the unpaid contributions at the rate of twelve percent (12%) per annum." Decl. of Judy Aganon, ECF No. 17-3 ¶¶ 4, 11; Ex. 2 to Mot., ECF No. 17-5, at 36. In addition, 29 U.S.C. § 1132(g)(2)

provides that Plaintiffs are entitled to recover "interest on the unpaid contributions." The summary submitted by Plaintiffs reflects $1,021.75 in interest owed. See Ex. 4 to Mot., ECF No. 17-7, at 1. The Court finds Plaintiffs have established damages in the amount of $1,021.75 for interest.

### 4.  Attorneys' Fees, Taxes, and Costs

Plaintiffs request an award of $19,019.65 in attorneys' fees, taxes, and costs. See Mot., ECF No. 17-1, at 13. An award of reasonable attorneys' fees and costs is mandatory in all successful actions to recover delinquent contributions under 29 U.S.C. § 1132(g) and § 1145. The Agreement requires Defendant to pay "reasonable attorney's fees and costs of the action as provided for by [the statute] together with all other reasonable expenses" related to collection of delinquent contributions. See Decl. of Judy Aganon, ECF No. 17-3 ¶¶ 4, 23; Ex. 2 to Mot., ECF No. 17-5, at 36. Reasonable attorney's fees are generally based on the traditional "lodestar" calculation, which multiplies (1) the number of hours reasonably expended by (2) a reasonable hourly rate. See Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Fischer v. SJB-P.D., Inc., 214 F.3d 1115, 1119 (9th Cir. 2000). Here, Plaintiffs request $19,019.65 for attorneys' fees, taxes, and costs. See Decl. of Counsel, ECF No. 17-2, ¶¶ 3-17.

First, the Court has reviewed the timesheets submitted by Plaintiffs' counsel and finds that most of the 60 hours requested are reasonable. See Ex. 5 to Mot., Client Billing Report, ECF No. 18, at 2-4. However, as to time spent on

11

telephone calls, the Court finds that counsel failed to provide an adequate description of the work performed so that the Court could determine the reasonableness of the hours requested.  See LR 54.2(c)(3) ("time entries for telephone conferences must include an identification of all participants and the reason for the call").  Specifically, counsel has entries for numerous telephone calls, but does not include the reason for the calls.  See id.  The calls are to nonparties to this action and the reasons for the calls are not evident from the claims asserted in this case or the Motion.  See ECF No. 5 to Mot., Client Billing Report, ECF No. 18, at 2-4.  Accordingly, the Court deducts 9.6 hours from the time billed.  The Court finds that the remaining 50.4 hours requested are reasonable.

       Second, Plaintiffs' counsel, Noah K. Peterson, Esq. and Robert Zane, Esq. are both associates with nine and seven years of experience respectively and request $295 per hour.  See Decl. of Counsel, ECF No. 17-2, ¶¶ 11, 14, 16.  Based on the Court's knowledge of the community's prevailing rates, the nature of the underlying litigation, and counsel's submissions, the Court finds that the hourly rate requested for Mr. Peterson and Mr. Zane is reasonable.  See, e.g., WIHC LLC v. NextGen Lab'ys, Inc., No. CV 22-00305 DKW-RT, 2023 WL 5004409, at *5 (D. Haw. May 31, 2023), adopted by, 2023 WL 4364101 (D. Haw. July 6, 2023) (finding $250 per hour a reasonable rate for an associate with six years of experience).  Accordingly, the Court finds that an award of attorneys' fees in the

12

amount of $14,868.00 (50.4 hours x $295 per hour) is reasonable.  Plaintiffs also request general excise taxes on the fees at a rate of 4.712%, which the court finds reasonable.  See Decl. of Counsel, ECF No. 17-2, ¶ 7.  Based on the fees calculated above, an award of taxes in the amount of $700.58 ($14,868 x 0.4712) is reasonable.  Plaintiffs also request costs of $485.63 for filing fees and process server fees.  See ECF No. 5 to Mot., Client Billing Report, ECF No. 18, at 4.  The Court finds that the costs requested by Plaintiffs are reasonable.  In total, the Court recommends that the district court award Plaintiffs $14,868.00 in attorneys' fees, $700.58 in taxes, and $485.63 in costs.

### 5.  Specific Performance

Plaintiffs request an order directing Defendant (a) to submit all outstanding and/or delinquent reports including, but not limited to its April 2024 through June 2024 reports, and all outstanding and/or delinquent payments in accordance with the Agreement; (b) to permit Plaintiffs to audit its payroll books and records in accordance with the Agreement; (c) to furnish to Plaintiffs surety bonds or cash-in-escrow in the amount equal to Defendant's last three months of contributions or $5,000.00, whichever is greater, in accordance with the Agreement.  See Mot., ECF No. 17-1, at 13-14.  Plaintiffs attached a copy of the Agreement, which establishes the requirements for submitting reports, paying contributions, allowing auditing of Defendant's payroll records to determine the accuracy of Defendant's monthly reports, and providing surety bonds or cash-in-

escrow as security for delinquent contributions.  See Agreement, ECF No. 17-5, at 35-38.  The Declaration of Judy Aganon, Hawaii Employer Contribution Clerk for the Hawaii Masons' and Plasterers' Trust Funds, states that Defendant has not submitted the required reports or paid the required contributions for April 2024 through June 2024.  See Decl. of Judy Aganon, ECF No. 17-3 ¶ 16-20.  The Declaration also states that Plaintiffs have requested information from Defendant to conduct an audit, but Defendant has not provided the necessary information or allowed access to its records.  See id. ¶ 21.  Based on the documents and declaration submitted it support of the Motion, the Court finds Plaintiffs have established that they are entitled to specific performance as requested.

## CONCLUSION

The Court FINDS and RECOMMENDS that Plaintiffs' Motion for Default Judgment against Defendant be GRANTED as follows:

(1) The district court GRANT Plaintiffs' request for default judgment against Defendant 808 Maintenance & Flooring, Inc.;

(2) The district court AWARD Plaintiffs damages in the amount of $18,655.11 for unpaid contributions, $3,849.23 for liquidated damages, $1,021.75 for interest, $14,868.00 for attorneys' fees, $700.58 for taxes, and $485.63 for costs against Defendant 808 Maintenance & Flooring, Inc.

(3) The district court ORDER Defendant 808 Maintenance & Flooring, Inc. (a) to submit all outstanding and/or delinquent reports including, but

not limited to its April 2024 through June 2024 reports, and all outstanding and/or delinquent payments in accordance with the Agreement; (b) to permit Plaintiffs to audit its payroll books and records in accordance with the Agreement; (c) to furnish to Plaintiffs surety bonds or cash-in-escrow in the amount equal to Defendant's last three months of contributions or $5,000.00, whichever is greater, in accordance with the Agreement

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, OCTOBER 4, 2024.



Wes Reber Porter
United States Magistrate Judge

**TRUSTEES OF THE HAWAII MASONS' AND PLASTERERS' TRUST FUNDS v. 808 MAINTENANCE & FLOORING, INC., ET AL.; CIVIL NO. 24-00280 MWJS-WRP; FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENT**